IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JERMAINE WINN, :
:
    Plaintiff :
: CIVIL NO. 1:CV-16-1641
vs. :
: (Judge Caldwell)
STATE CORRECTIONAL :
INSTITUTION CAMP HILL, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I. *Introduction*

Jermaine Winn, a prisoner at the Pine Grove State Correctional Institution (SCI-Pine Grove), in Indiana, Pennsylvania, filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment medical claim. (Doc. 1). Winn seeks leave to proceed *in forma pauperis.* (Docs. 2 and 6).

The Complaint is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Winn's motions to proceed *in forma pauperis* will be granted, and his Complaint will be dismissed, but with leave to file an amended complaint.

II. *Standard of Review*

The court is required to screen Winn's Complaint pursuant to 28 U.S.C. § 1915A(a). The court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964. Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(per curiam) (nonprecedential) (quoted case omitted). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III.   *Background*

Winn filed his Complaint on July 26, 2016. (Doc. 1, Compl.) He names three defendants on the first page of his Complaint: (1) SCI-Camp Hill; (2) John E. Wetzel, the Secretary of the Pennsylvania Department of Corrections (DOC); and Correctional Care Solutions, a contract medical-care provider.

Winn claims that prior to June 17, 2014, when he was transferred from SCI-Graterford to SCI-Camp Hill, he received cataract surgery on his left eye. (*Id.,* ECF p. 1). He was ninety days post-operative when he arrived at SCI-Camp Hill.[1] Upon his admission to SCI-Camp Hill, he complained of his "chronic medical conditions" (herpes, diabetes, glaucoma) and a remaining stitch in his left eye that was causing him severe pain, tearing, irritation, partial blindness, light sensitivity, sleepless nights and severe emotional distress. (*Id.*, ECF pp. 1-2). Yet, prior to resolving these medical complaints, "Defendant" medically cleared him for transfer to another state correctional institution. (*Id.*)

He claims that Secretary Wetzel, "although indirectly involved," is responsible for the administration of the DOC and was on notice of these events as Winn filed a grievance appeal to final review. He claims the medical-care professionals employed by Correctional Care Solutions failed to provide him proper medical attention, which eventually exacerbated his "condition and illness of 'herpes.'" (*Id.*, ECF p. 2).

Winn states he was unable to completely exhaust his administrative remedies with respect to his claims because he was medically cleared and transferred to SCI-Pine Grove. (*Id.*, ECF p. 3). Yet, he did file nine grievances concerning his claims. (*Id.*, ECF pp. 3-4). He alleges his claims arose while in "prison and continued . . . while in custody of the State Correctional Institutional Facilities of the Pennsylvania Department of Corrections." He identifies the following individuals and entities as "Defendants": the

---

[1] We take judicial notice of Winn's Amended Complaint filed in the Western District of Pennsylvania in which he alleges he arrived at SCI-Pine Grove, his present facility, on June 17, 2014. *See Winn v. State Correctional Institution - Pine Grove*, No. 2:16-cv-0284 (Doc. 6, Am. Compl.).

Philadelphia Prison System; SCI-Graterford; SCI-Camp Hill; SCI-Pine Grove; Dr. Johnson of the Wills Eye Institute in Philadelphia; Secretary Wetzel and Correctional Care Solutions. (*Id.*, ECF p. 3). Winn acknowledges that of the Defendants listed, only SCI-Camp Hill and Secretary Wetzel are located within the Middle District of Pennsylvania.

IV.  *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Eighth Amendment "requires prison officials to provide basic medical treatment" for those "incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(*citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The Third Circuit has also held that "[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose . . . violates the Eighth Amendment." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003).

A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *See Beers–Capitol v.*

*Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).  A defendant acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 103, 97 S.Ct. at 290.  Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury."  *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

The Third Circuit has held that prison officials act with deliberate indifference when: (1) reasonable requests for medical treatment are denied, exposing the inmate to undue suffering or the threat of further injury; (2) necessary medical treatment is delayed for non-medical reasons; (3) arbitrary or burdensome procedures are erected to create treatment delays to suffering prisoners; and (4) inmates are prevented from receiving access to, and treatment from, capable medical professionals.  *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987).

Finally, a section 1983 claim cannot be premised on a theory of *respondeat superior.* In order to establish liability for deprivation of a constitutional right, a party must show the personal involvement of each defendant. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago,* 629 F.3d at 130. "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode*, 845 F.2d at 1208. Merely alleging that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Id.*

With these standards in mind, we address the merits of Winn's claims against each defendant.

A.   *Winn Fails to State a Cognizable Claim against SCI-Camp Hill*

Suits against states are barred by the Eleventh Amendment's grant of sovereign immunity. *Koslow v. Pennsylvania*, 302 F.3d 161, 167-68 (3d Cir. 2002). State agencies, such as the Department of Corrections, and its individual facilities such SCI-Camp Hill, enjoy the same level of immunity as the state. *See Cloverland–Green Spring Dairies, Inc. v. Pennsylvania Milk Mktg. Bd.*, 298 F.3d 201, 205 n. 2 (3d Cir. 2002). Moreover, SCI-Camp Hill is not a "person" under section 1983. *See Pettaway v. SCI-Albion*, 487 F. App'x 766, 768 (3d Cir. 2012)(nonprecedential). Accordingly, Winn's claims against SCI-Camp Hill are dismissed without leave to amend.

B.   *Winn Fails to State a Cognizable Claim against Secretary Wetzel*

Winn alleges John Wetzel is "indirectly involved" in the allegations of his Complaint because of his position as Secretary of the DOC and because Winn pursued various administrative remedies to final review. (Doc. 1, ECF p. 2). Winn does not allege Secretary Wetzel knew of his medical condition prior to reaching SCI-Camp Hill or whether he instructed others to transfer Winn from SCI-Camp Hill to SCI-Pine Grove prior to addressing his various medical ailments. Likewise, he does not suggest Secretary Wetzel ordered his transfer to SCI-Pine Grove and disregarded medical orders directing he should not be transferred due to his medical condition. To the extent he claims Secretary Wetzel may have been involved in the review of his medical grievances, this alone is insufficient to establish his deliberate indifference under the Eighth Amendment standard. *See, e.g., Durmer,* 991 F.2d at 69 (finding that a non-physician prison official cannot be considered deliberately indifferent in failing to respond to medical complaints of a prisoner already under treatment by the prison's medical experts); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005)(nonprecedential)(finding that a non-physician prison official's failure to process a prisoner's medical grievances failed to demonstrate the requisite level of deliberate indifference). Clearly

Winn's claims against Secretary Wetzel are based strictly on the theory of *respondeat superior*. Accordingly, Winn's claims against Secretary Wetzel will be dismissed with prejudice.

### C. *Winn Fails to State a Cognizable Claim against Correctional Care Solutions*

Winn claims Correctional Care Solutions is a contract medical-care provider that employs doctors, nurses, and other medical professionals who administer care to Pennsylvania prisoners. (Doc. 1, ECF p. 2). However, Winn does not identify any particular employee of Correctional Care Solutions that provided him improper medical care or withheld medical care from him, or were involved in the decision to medically clear him for transfer from any Pennsylvania state correctional to another facility. Accordingly Winn fails to state a claim against Correctional Care Solutions.

### D. *Allowance to File an Amended Complaint*

It is impossible from the allegations of the Complaint to determine those individuals, located within this jurisdiction, who allegedly were deliberately indifferent to Winn's various medical conditions when they medically cleared him for transfer from SCI-Camp Hill to SCI-Pine Grove. Further, the court has some concern that Winn is attempting to join various defendants, related or not, in one lawsuit. This would violate Fed. R. Civ. P. 20(a)(2). Rule 20, Permissive Joinder of Parties, sets forth the proper test for determining whether parties are properly joined in an action.[2] At this point, it is abundantly clear that not all the

---

[2] Under Rule 20 of the Federal Rules of Civil Procedure, these disparate and unrelated defendants, "may be joined in one action as defendants [only] if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

(continued...)

-9-

"Defendants" Winn identifies (SCI-Graterford, SCI-Pine Grove, Philadelphia Prison System, and a physician from the Wills Eye Medical Instituiton) are involved in the same events that occurred at SCI-Camp Hill.  *See Mincy v. Klem*, 303 F. App'x 106 (3d Cir. 2008)(nonprecedential)(joinder of multiple prison official defendants in *pro se* prisoner complaint improper under Rule 20).  Accordingly, Winn will be granted twenty-one days to file a curative amended complaint.

If Winn decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Winn is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Winn is also advised that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible

---

[2](...continued)
transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He must also specify the relief he seeks with regard to each claim.  Winn's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  Winn is also cautioned that illegible submissions will be returned to him without consideration.

        An appropriate order follows.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Dated: August 29, 2016