IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JERMAINE WINN, :
:
    Plaintiff :
: CIVIL NO. 1:CV-16-1641
vs. :
: (Judge Caldwell)
STATE CORRECTIONAL :
INSTITUTION CAMP HILL, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.    *Introduction*

On August 29, 2016, we screened the Complaint of the pro se plaintiff, Jermaine Winn, a prisoner at the Pine Grove State Correctional Facility (SCI-Pine Grove), in Indiana, Pennsylvania. *See Winn v. State Corr. Inst. Camp Hill*, 2016 WL 4502378 (M.D. Pa. Aug. 29, 2016). Winn's Complaint, filed pursuant to 42 U.S.C. § 1983, asserted an Eighth Amendment medical claim concerning his post-operative care after the removal of a cataract from his left eye. Because Winn's allegations against the original defendants failed to state a claim for which relief could be granted, the Complaint was dismissed and Winn was granted leave to file an amended complaint. (*Id.*)

On September 16, 2016, Winn filed his Amended Complaint. (ECF No. 12). As required, the Amended Complaint is before us for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Winn's claims against the Pennsylvania Department of Corrections (DOC) and Correctional Care Services

(CCS) will be dismissed for failure to state a claim and the Amended Complaint will be served on the remaining defendants, Dr. Abraham and Dr. Lawrence.

II.     *Standard of Review*

The court is required to screen Winn's Amended Complaint pursuant to 28 U.S.C. § 1915A(a).  The court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted).  The court may also rely on exhibits attached to the complaint and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780

F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted).

III.     *Background*

Plaintiff filed his Amended Complaint on September 16, 2016.  (ECF No. 12). He alleges as follows.  Prior to his arrival at SCI-Camp Hill, he had cataract surgery on his left eye.  At some point in time he was transferred to SCI-Camp Hill, where he claims Dr. V. Abraham and Dr. R. Lawrence, both of whom are employed by Correctional Care Solutions (CCS), failed to properly treat his left eye prior to clearing him for transfer to SCI-Pine Grove.  He names both doctors and CCS, whom he claims "holds liability of it's staff, whether directly or indirectly," as defendants.  He also names the Pennsylvania Department of Corrections (DOC) as a defendant claiming it is overall responsible for his care, custody and control.  (*Id.*, p. 3).

Winn seeks compensatory and punitive damages.

IV.  *Discussion*

    A.  *DOC's Eleventh Amendment Immunity from Suit*

Winn names the DOC as a defendant in his section 1983 action.  His claims against the DOC will be dismissed for seeking damages against a defendant that is immune.

Suits against states are barred by the Eleventh Amendment's grant of sovereign immunity.  *Koslow v. Pennsylvania*, 302 F.3d 161, 167-68 (3d Cir. 2002).  State agencies, such as the Pennsylvania Department of Corrections enjoy the same level of immunity as the state.  *See Cloverland–Green Spring Dairies, Inc. v. Pennsylvania Milk Mktg. Bd.*, 298 F.3d 201, 205 n.2 (3d Cir. 2002).  Accordingly, Winn's claims against the DOC will be dismissed.

    B.  *Failure to State a Claim against Correctional Care Solutions.*

The sparse allegations of Winn's Amended Complaint assert that Correctional Care Solutions (CCS) is the contract care medical care provider at SCI-Camp Hill and that it employs Drs. Abraham and Lawrence.  Drs. Abraham and Lawrence are alleged to have "failed to treat the Plaintiff with minimal care with respect to the Plaintiff's diagnosis" of his left eye.  (Doc. 12, p. 3).

To state an Eighth Amendment claim based on inadequate medical treatment, Winn must allege that defendants were deliberately indifferent to his serious medical needs, here, his post-operative eye care.  *See Estelle v. Gamble*, 429 U.S. 97, 97

S.Ct. 285, 50 L.Ed.2d 251 (1976).  A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *See Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).  A defendant acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).  Thus, individual liability can be imposed under section 1983 only if the state actor played a personal role in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here Winn relies upon a theory of *respondeat superior* to hold CCS liable.  He cannot do so.  It is well established that a private health care group providing services to inmates "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." *Natale v. Camden Cty. Corr. Facility*, 319 F.3d 575, 583 (3d Cir. 2003).  In order to hold CCS liable, Winn must allege facts showing that CCS had a policy, custom, or practice, and that policy, custom, or practice caused the constitutional violation at issue.  *Id.* at 583-84.  Winn's Amended Complaint is devoid of any such allegations.  Winn specifically seeks to hold CCS liable for the "direct or indirect" acts

of its employees.  Because CCS cannot be held liable on a theory of *respondeat superior* and there are no allegations regarding custom or policy, the section 1983 claim against Defendant CCS must be dismissed.

        *C.*     *Service of Amended Complaint on Drs. Abraham and Lawrence.*

        In regard to service of the Amended Complaint, the court advises Plaintiff as follows.  It is his responsibility to provide a complete name and address for each defendant so that the court can effect service.  At this time, service will be attempted on the defendants Drs. Abraham and Lawrence at the address Plaintiff has listed for them in the Amended Complaint.  However, if the Clerk of Court cannot properly mail the complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399) to a defendant due to plaintiff's failure to properly name a defendant or provide an accurate mailing address for the defendant, the plaintiff will be required to correct this deficiency.

        In that event, it will be the plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for each such defendant.  If the plaintiff does not have sufficient copies of these forms to prepare one for each defendant, he or she may obtain additional forms from the Clerk of Court.  On each form, the plaintiff must give the full name and complete address of each individual defendant.  If plaintiff fails to give the

Clerk's Office correct instructions for mailing to any defendant, the plaintiff's claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

The plaintiff is also advised that no defendant is required to respond to the complaint until he or she: (1) has waived service; or (2) has been served with a summons and the complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

The plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation.  Failure to do so may result in the dismissal of the plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with the plaintiff.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Dated:  October 31, 2016