# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMAINE WINN, | : |
| Plaintiff | : |
| v. | : CIVIL ACTION NO. 1:CV-16-1641 |
| | : (Judge Caputo) |
| STATE CORRECTIONAL INSTITUTION CAMP HILL, *et al.*, | : |
| Defendants | : |

# M E M O R A N D U M

## I. Introduction

Plaintiff Jermaine Winn is a former state inmate confined at the Camp Hill State Correctional Institution (SCI-Camp Hill), in Camp Hill, Pennsylvania. The sole remaining Defendant, Dr. V. Abraham, has filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 26). Mr. Winn has failed to file a response to the motion or seek an enlargement of time to do so, making this matter ripe for disposition. After reviewing the Amended Complaint, Dr. Abraham's brief, and the applicable law, the Court will grant Dr. Abraham's motion and dismiss the case for the reasons that follow.

## II. Background

### A. Allegations of the Amended Complaint

Mr. Winn alleges that prior to his arrival at SCI-Camp Hill, he had cataract surgery on his left eye. Upon his arrival at SCI-Camp Hill, where Dr. Abraham works as

a contract physician, Plaintiff complained of on-going discomfort and blurred vision in his left eye. He alleges that Dr. Abraham was deliberately indifferent to his medical needs by clearing him for transfer to another state prison prior to properly treating his left eye. (ECF No. 12).

### B. Procedural History

On July 26, 2016, Mr. Winn filed a Complaint and application to proceed *in forma pauperis*. (ECF Nos. 1 and 2). On August 29, 2016, the Court granted Mr. Winn's application to proceed *in forma pauperis* and screened the Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. (ECF No. 10). Plaintiff's Eighth Amendment claims against the named defendants were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mr. Winn was granted leave to file an amended complaint. (*Id.*)

Mr. Winn filed an Amended Complaint on September 16, 2016. (ECF No. 12). On October 21, 2016 the Court screened the Amended Complaint and dismissed all claims against the Pennsylvania Department of Corrections (DOC) and Correctional Care Solutions (CCS) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 14). The Court also directed service of the Amended Complaint on the two remaining Defendants, Drs. Abraham and Lawrence. (*Id.*)

On July 11, 2017, due to Plaintiff's inability to provide accurate information for the Court to effect service on Dr. Lawrence, the Court dismissed all claims against this Defendant pursuant to Fed. R. Civ. P. 4(m). (ECF No. 21). The Court permitted the

Eighth Amendment claim against the sole served Defendant, Dr. Abraham, to proceed. (*Id.*)

On December 1, 2017, Defendant Abraham filed a motion to dismiss the amended complaint based on Plaintiff's failure to exhaust his available administrative remedies. (ECF No. 26). In support of his motion, Defendant Abraham provides a copy of the Pennsylvania Department of Corrections' Inmate Grievance Policy (ECF No. 27-2) and copies of Plaintiff's administrative remedies filed to final review (ECF Nos. 27-1). Mr. Winn failed to oppose the motion or seek additional time to respond to the motion.

On February 5, 2018, upon the retirement of the Honorable William W. Caldwell, this matter was reassigned to the undersigned.

### III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(B)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 - 56, 127 S.Ct. 1955, 1965 - 66, 167 L.Ed.2d 929 (2007)). Yet, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (in resolving a motion to dismiss pursuant to

Fed. R. Civ. P. 12(b)(6), a court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents.") A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement required by Rule 8(a)(2) must " 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct at 1964). The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

A court must liberally construe a complaint filed by a pro se plaintiff and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Nonetheless, a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.*, 556 U.S. at 679, 129 S.Ct. at 1950. This means that there must be enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). Finally, the court is obligated to grant pro se litigants leave to file a curative amended complaint, even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

## IV. Discussion

Dr. Abraham contends that Mr. Winn's Amended Complaint should be dismissed due to his failure to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a).

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to pursue all available administrative remedies within the prison's grievance system before bringing a civil rights action concerning prison conditions in federal court. *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, _____ U.S. _____, _____, 136 S.Ct. 1850, 1855–56, 195 L.Ed.2d 117 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

Exhaustion is mandatory and must be "proper," which requires a prisoner to "us[e] all steps that the agency holds out, and [to do] so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81 90, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006) (emphasis in original). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." (*Id.*) The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. (*Id.*) "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 923, 166 L.Ed.2d 798 (2007). Failure to comply substantially with the procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227 – 32 (3d Cir. 2004); *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016) "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself.").

Finally, whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden Cty*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

### B. The DOC's Grievance Process

The Pennsylvania Department of Corrections' (DOC) Administrative Directive DC-ADM 804 (DC-ADM 804), is also known as the Inmate Grievance System. *See* DC-ADM 804, *Grievance Policy*, available at http://www.cor.pa.gov. The grievance policy provides inmates with a multi-step administrative grievance appeal process to raise and resolve issues arising during the course of their incarceration. Pursuant to DC-ADM 804, inmates must first file a grievance with the Facility Grievance Coordinator at the facility where the events giving rise to the grievance occurred within fifteen working days of the event upon which the grievance is based. If unsatisfied with the initial response to his or her grievance, the inmate may appeal the decision to the Facility Manager. (*Id*.) The Facility Manager may uphold the initial response, find in favor of the inmate, or remand the grievance to the Grievance Officer. An inmate may appeal the Facility Manager's decision to final review by the Secretary's Office of Inmate Grievances & Appeals. (*Id*.)

### C. Mr. Winn's Failure to Exhaust his Available Administrative Remedies Concerning his Eighth Amendment Medical Claim against Dr. Abraham

Mr. Winn alleges that Dr. Abraham was deliberately indifferent to his medical needs by clearing him for transfer to another state prison prior to properly treating his left eye. (ECF No. 12). In his Amended Complaint, Mr. Winn asserts that he fully exhausted his available administrative remedies as to each claim he presents. (ECF No. 12, p. 2). He also admits that his "grievances were filed at new facility upon transfer

to S.C.I. Pine Grove." (*Id.*)  These admissions are consistent with the documentary evidence provided by Defendant Abraham.

Mr. Winn perfected, or properly exhausted, three inmate grievances to final review that relate to his eye care:  Grievance 539147; Grievance 559596; and Grievance 576508.  (ECF No. 27-1).  None of the grievances were filed at SCI-Camp Hill or address the ophthalmic care Mr. Winn received at that facility before being transferred to SCI-Pine Grove.  Accordingly, Dr. Abraham's motion to dismiss will be granted due to Plaintiff's failure to exhaust his available administrative remedies with respect to the claims raised against Dr. Abrahm in the instant action.

An appropriate order follows.

**Date:  September 6, 2018**        /s/ A. Richard Caputo
                               **A. RICHARD CAPUTO**
                               **United States District Judge**